# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN L. BROWN,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 16-cv-00719-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Kevin L. Brown's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Also before the Court is Assistant Federal Defender Judith A. Kuenneke's Motion (Doc. 8) to Withdraw as counsel for petitioner and petitioner's Motion [Doc. 9] to Amend his § 2255.

1. **Background.**

On February 27, 2015, Mr. Brown pleaded guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846. *See United States v. Brown*, Case No. 14-cr-40098 (Doc. 21). On May 27, 2015, the undersigned Judge sentenced Mr. Brown to 188 months imprisonment, four years supervised release, a $100 special assessment, and a $200 fine. (Doc. 30, 14-cr-40098). Mr. Brown filed a direct appeal. His appellate counsel filed an *Anders* [1] brief and requested to withdrawn. The United States Court of Appeals granted appellate counsel's motion to withdraw and dismissed the petitioner's appeal on January 7, 2016.

Mr. Brown's § 2255 motion was timely filed on June 28, 2016. In it, Mr. Brown makes the follows claims:

---

[1] *Anders v. California*, 386 U.S. 738 (1967). Counsel could put forth no non-frivolous arguments.

a. Ground One – that his trial counsel was ineffective for failing to negotiate a written plea agreement and failed to argue against the drug quantity attributed to the petitioner in the presentencing report;

b. Ground Two – also that his trial counsel was ineffective for failing to negotiate a plea agreement that could have resulted in a lower drug quantity amount being attributed to the petitioner; and

c. Ground Three – that the Supreme Court's holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *United States v. Welch*, 136 S.Ct. 1257 (2016), required that he should be resentenced without a career offender enhancement.

The Court will now consider whether Mr. Brown's allegations survive this threshold review.

2. **Analysis.**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if, "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 2431 (2010); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt*, 574 F.3d at 458. The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *accord Wyatt*, 574 F.3d at 458. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland*, 466 U.S. at 689. The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable.

*United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro*, 538 U.S. at 504-05; *Fountain*, 211 F.3d 433-34. In addition, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from counsel's performance. *Massaro*, 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

In petitioner's motion to amend, he states that he is aware that his claims under *Johnson* are now meritless and voluntarily requests that the claim to be dismissed. (Doc. 9 at 2). As to Grounds One and Two, both are basically the same claim – that petitioner's counsel failed to argue that the drug amount accessed to the petitioner was incorrect and/or excessive and that petitioner's counsel failed to obtain a written plea agreement.

The drug amount issue was addressed on appeal and as noted by the appellate court, "the amount of drugs attributable to Brown was irrelevant because his sentence was controlled by his career-offender designation." *USA v. Brown*, 15-2231 (7th Cir. January 7, 2016). To establish ineffective assistance of counsel, a prisoner must show not only that the lawyer's work as a whole was objectively deficient but also that prejudice ensued. See *Wright v. Van Patten*, 128 S.

4

Ct. 743 (2008). Here, there was no prejudice to the petitioner because even if a less amount of pseudoephedrine was negotiated, petitioner's base offense level of 30 would have remained the same. It is also noted that petitioner's counsel *did* object to the amount of pseudoephedrine attributed to the petitioner. (Sealed Doc. 25). As such, petitioner's counsel was not ineffective in failing to argue against the Government's drug amount calculations.

Next, failure to negotiate a plea agreement is not a sufficient basis for an ineffective assistance of counsel claim.

> The guarantee of counsel in the sixth amendment is designed to promote fair trials leading to accurate determinations of guilt or innocence. The Constitution does not ensure that lawyers will be good negotiators, locking in the best plea bargains available. *U.S. v. Springs*, 988 F.2d 746, 749 (7th Cir. 1993)

> [T]he successful negotiation of a plea agreement involves factors beyond the control of counsel, including the cooperation of his client, clearly absent here, as well as the cooperation of the prosecutor, who has no obligation to offer such an agreement. *U.S. v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000)

Finally, petitioner states no actual prejudice within any of his claims. The simple statement that his counsel's performance, "materially prejudiced the Petitioner," does not provide the Court with any factual basis that petitioner was prejudiced. As stated above, the drug amount did not prejudice the petitioner since he was sentenced under the career offender designation. There is no evidence – or any reference – that government had offered or was willing to offer – a plea agreement. And if the government had offered an agreement, would such an agreement actually have changed his sentencing guidelines?

Therefore, petitioner has failed to satisfy the second prong of the *Strickland* test. He has failed to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

5

The last motion to be addressed is petitioner's Motion [Doc. 9] for leave to Amend his Petition. He request leave to add the claim that:

> [T]rial counsel was ineffective prior to and during Brown's sentencing hearing in his written and oral arguments concerning the Government's relevant conduct sentencing enhancement arguments pursuant to U.S.S.G. § 3E1.1.

Specifically, petitioner is once again arguing that his "relevant conduct drug quantity involvement was vastly overstated materially prejudiced Brown pursuant to § 351.1." This issue has been addressed above and petitioner provides no new information that would justify leave to amend.

3. **Certificate of Appealability.**

Having denied petitioner's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Mr. Brown has made no such showing. Therefore, the Court denies a certificate of appealability. Pursuant to Rule 11(a), Mr. Brown may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

4. **Conclusion.**

Accordingly, the Court **GRANTS** Assistant Federal Defender Judith A. Kuenneke's Motion[2] [Doc. 8] to Withdraw and DENIES Petitioner's Motion [Doc. 9] for Leave to Amend. The Court furthers **DENIES** petitioner Brown's § 2255 Motion (Doc. 1) and **DISMISSES** this

---

[2] Motion to Withdraw was based upon counsel's agreement that petitioner's *Johnson* issue had been rendered meritless and that there was an actual conflict with the representation of petitioner with regard to Grounds One and Two. However, the conflict issue is moot based on the Court's findings in this threshold order.

6

action. The Court **DIRECTS** the Clerk of Court to enter judgment in this matter. Finally, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** 4/20/2017

                                              *s/J. Phil Gilbert*
                                              **J. PHIL GILBERT**
                                              **U.S. DISTRICT JUDGE**